**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 98-4768**

———————————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

ROGER LANE TOPPER,

                              Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Shelby. Lacy H. Thornburg, District Judge. (CR-97-209)

———————————

Submitted: May 18, 1999                Decided: June 25, 1999

———————————

Before WILKINS and MICHAEL, Circuit Judges, and HALL, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Anthony Lynch, LYNCH & TAYLOR, Marion, North Carolina, for Appellant. Deborah Ann Ausburn, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Roger Lane Topper pled guilty to conspiring to engage in the business of dealing in firearms without a license, in violation of 18 U.S.C.A. § 371 (West Supp. 1999), and five counts of violations of 18 U.S.C.A. § 922(a)(1)(A) (West Supp. 1999). The district court imposed a twenty-seven month sentence. Following the filing of a timely notice of appeal, Topper's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal because Topper waived his appellate rights in his plea agreement. We have reviewed the record and find that Topper knowingly and intelligently waived his right to appeal as to all claims except ineffective assistance of counsel and prosecutorial misconduct. Thus, we decline to consider Topper's claim in his supplemental brief that his indictment was not returned to the federal magistrate judge in open court.

We have further examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that

2

a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED